UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ACE AMERICAN INSURANCE COMPANY,

                                                   **DECISION AND ORDER**

                        Plaintiff,

                                                   09-CV-01010(A)(M)

v.

CAROLINA ROOFING, INC.,
ROOF USA (FL), LLC and A.W.
FARRELL & SON, INC.,

                        Defendants.
_____

        This case was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings, including decision of nondispositive motions [3].[1] Before me is the motion of plaintiff Ace American Insurance Company ("Ace American") for a stay of proceedings pending the resolution of related litigation in the State of Florida [35].[2] During a telephonic conference on June 29, 2010 [40], defense counsel confirmed on the record that defendants do not oppose the motion, provided that the deadlines of the current Case Management Order [14] are amended once the stay is lifted.

        For the following reasons, the motion is granted in part and denied in part.

---

[1]     Bracketed references are to the CM/ECF docket entries.

[2]     A motion for a stay of proceedings is nondispositive. SDD99, Inc. V. ASA International, Ltd., 2007 WL 952046 *2, n. 2 (W.D.N.Y. 2007 ) (Payson, M.J.); Herko v. Metropolitan Life Insurance Co., 978 F. Supp. 149, 150 (W.D.N.Y. 1997) (Arcara, J.).

## BACKGROUND

In this action, Ace American seeks a declaration that it is not obligated to defend or indemnify defendants in connection with certain personal injury actions (the "underlying actions") commenced in Florida state court by former air traffic controllers against defendants Carolina Roofing, Inc., Roof USA (FL), LLC and others between January and March 2009. The underlying actions seek damages as a result of exposure to toxic materials and fumes allegedly emanating from an adhesive supplied by Carolina Roofing and/or Roof USA. *See* Complaint [1]. Defendants have answered and counterclaimed, seeking denial of Ace American's request for declaratory relief, along with an award of attorneys' fees [2].

In moving for a stay of proceedings, Ace American notes that the underlying actions are scheduled for trial in November 2010, that the actions may be resolved prior to trial, and that if tried, the actions may narrow or eliminate many of the issues in this action. *See* Ace American's Memorandum of Law [37]. Defendants agree, and join in the request for a stay of proceedings pending the resolution of the underlying actions.

## ANALYSIS

"This court has the inherent power to stay any further proceedings in the instant civil action in favor of the [related] litigation . . . . Whether the court should do so is based on several factors including: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." HMT, Inc. v. Bell BCI

Co., 2007 WL 295328, *2 (W.D.N.Y. 2007) (Telesca, J.)." In balancing these factors on a case-by-case basis, the central focus is to avoid prejudice." Id.

Consideration of these factors convinces me that a limited stay of proceedings will serve the interests of the parties, as well as judicial economy and efficiency. *See* Ace American's Memorandum of Law [37], pp. 3-4. However, I am unwilling at this point to stay proceedings until the underlying actions are finally resolved (as requested by the parties), because that could possibly include appeals following the trial of the underlying actions, which could entail a considerable period of time.

Instead, proceedings will be stayed pending a further telephonic status conference with counsel on December 13, 2010 at 2:00 p.m. At that time, a determination can be made as to whether the stay should be continued or lifted, and the Case Management Order deadlines can be adjusted accordingly. However, the parties are directed to advise the court if the underlying actions are resolved prior to the scheduled conference date.

**CONCLUSION**

For these reasons, plaintiff's motion [35] is granted to the extent of staying all further proceedings in this action pending a further status conference to be held on December 13, 2010 at 2:00 p.m., at which time counsel may be heard as to whether the stay should be lifted or continued. If and when the stay is lifted, the deadlines of the current Case Management Order [14] will be adjusted to account for the stay. To the extent the motion requests relief inconsistent with this Decision and Order (*i.e.*, by seeking a stay of proceedings until the conclusion of the

underlying actions, which could include appeals), the motion is denied, without prejudice to renewal.

**SO ORDERED**

/s/ JeremiahJ. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

Dated: June 30, 2010